**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF** MONROE
-------------------------------------------------------------------x

NOAH POINTER-GAMORY,

                Plaintiff/Petitioner,

    - against -

CITY OF ROCHESTER, ROCHESTER POLICE DEPARTMENT, COUNTY OF
MONROE, MONROE COUNTY SHERIFF'S OFFICE, Officer JOHN DOE 1
through 10, it being the intention to name any and all individuals responsible,

                Defendant/Respondent.
-------------------------------------------------------------------x



Index No. E2021008200



## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

    **You have received this Notice because**:

      1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

      2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

    **To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: September 3, 2021

David S. Stern
_____
Name

Elliot Stern Calabrese LLP
_____
Firm Name

1 East Main Street, 10th Floor
_____
Rochester, New York 14614
_____
Address

(585) 232-4724
_____
Phone

dtstern@elliottstern.com
_____
E-Mail

To: City of Rochester

30 Church Street

Rochester, NY 14614

6/6/18

STATE OF NEW YORK
SUPREME COURT     COUNTY OF MONROE

---

NOAH POINTER-GAMORY,

                Plaintiff,
-vs-

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
COUNTY OF MONROE, MONROE COUNTY
SHERIFF'S OFFICE, Officer JOHN DOE 1
through 10, it being the intention to name any
and all individuals responsible,

                Defendants.

---

Plaintiff designates Monroe
County as the place of trial.
he basis of the venue is the:
Plaintiff's residence.

**SUMMONS**

Index No.:

Filed On:

**To the above-named Defendants**

    **YOU ARE HEREBY SUMMONED** to serve a notice of appearance, on the Plaintiffs' Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment may be taken against you by default for the relief demanded in the notice set forth below.

Dated: September 2, 2021
       Rochester, New York

ELLIOTT STERN CALABRESE LLP

*[signature]*

David S. Stern, Esq.
Frank Ciardi, Esq.
Michael Jos. Witmer, Esq.
*Attorneys for Plaintiff*
Office & P.O. Address
1 East Main Street, Ste 711
Rochester, New York 14614
Tele: (585) 325-2352
Email: dstern@elliottstern.com

Defendants' Address:

City of Rochester
30 Church Street
Rochester, New York 14614

Rochester City Police Department
185 Exchange Blvd.
Rochester, New York 14614

Monroe County
39 W Main Street
Rochester, New York 14614

Monroe County Sheriff's Office
130 Plymouth Avenue #100
Rochester, New York 14614

Officer John Doe, 1 through 10

but no offer of settlement was made by Defendants herein. A copy of the Notice of Claim is attached to this complaint.

3. A 50-H hearing was held at the offices of the City of Rochester Counsels Office on May 18, 2021, in compliance with the mandates of the General Municipal Law.

## DEMAND FOR JURY TRIAL

4. Plaintiff hereby demands a trial by jury.

## VENUE

5. This action properly lies in the Supreme Court of the State of New York held in and for the County of Monroe because the claims arose in this judicial district and the Defendants, City of Rochester and Rochester Police Department and County of Monroe and Monroe County Sheriff's Department do business in the County of Monroe, State of New York. Defendant, "John Doe" 1-10 also works in the City of Rochester and/or County of Monroe and upon information and belief resides in the County of Monroe, State of New York.

## PARTIES

6. At all times herein mentioned, Plaintiff is an individual and a resident of the State of New York.

7. Defendant CITY OF ROCHESTER ("City") is a municipality that is a political subdivision of the County of Monroe and State of New York and for all relevant times herein, upon information and belief, was the employer of defendant, OFFICER JOHN DOE 1 through 10" (hereafter, "John Doe and/or Jane Doe"), and is and was at all times relevant to this Complaint responsible for the policies, practices and customs of the ROCHESTER POLICE DEPARTMENT.

11. In addition to the facts alleged in the following paragraphs, the following defendants are all sued in their individual and official capacities, and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or City.

12. At all times relevant herein, defendant OFFICER JOHN DOE "1 through 10," ("Officer John Doe and/or Jane Doe") was a police officer employed by the RPD or a Monroe County Sheriff's Deputy employed by the Monroe County Sheriff's Department and/or County of Monroe and was acting in the capacity of agent, servant, and employee of the City and/or County.

## STATEMENT OF FACTS

13. On or about the late evening hours of September 3, 2020, into the early morning hours of September 4, 2020, Plaintiff was participating in the peaceful protests at the Rochester Public Safety Building at or near 185 Exchange Boulevard in the City of Rochester, County of Monroe, State of New York.

14. Upon information and belief, Defendant Officer John and/or Jane Doe is a Rochester City Police Officer and/or Monroe County Sheriff Deputy, who was employed and acting in furtherance of his employment with the City and RPD and or County and MCSO during the morning in question acting in furtherance of his duties as a City Police Officer on behalf of the City of Rochester.

15. Officers John Doe and/or Doe began firing pepper balls into the protesting crowd.

16. Citizens at the protest event in response to the attack by RPD and/or MCSO, began to pick up various objects to shield their faces from the pepper balls.

17. Ultimately, Plaintiff was shot in the right eye with a pepper ball fired from a short distance by Officer John Doe and/or Jane Doe, RPD and/or MCSO.

29. Officer John Doe and/or Jane Doe's conduct was grossly negligent in that he/she violently and without justification fired a pepper ball at a short distance into the right eye of the Plaintiff in complete abandon of the norms and expectations of reasonableness under the circumstances.

30. The Defendants herein and Officer John Doe and/Jane Doe were under a duty to ensure the safety of the public and stay within the guidelines of proper use of force, both lethal and non-lethal.

31. Between the hours of late evening on September 3, 2020, and early morning hours of September 4, 2020, the Defendants and/or through its agents and employees, engaged in use of a weapon against peaceful protestors commonly known as pepper-spray projectiles made up of a powdered chemical that irritates eyes and nose.

32. These weapons launch a fragile projectile which breaks upon impact and releases an irritant payload.

33. The weapon is used generally where the proximity to a suspect is deemed dangerous to bring suspects and crowds into compliance.

34. Although generally considered less than lethal when properly used, it is well known amongst police agencies that use of these weapons can cause serious injury and even death when used improperly.

35. Specifically, training and manufacturers' recommendations expressly warn law enforcement that targets should exclude the face, eyes, throat or spine.

36. Training manuals warn, and it is widely understood amongst police agencies and properly trained police officers and personnel, that the pepper ball launchers deliver projectiles with enough kinetic energy to produce abrasions, bruises and/or welts.

44. Plaintiff himself prior to and at the time he was shot in the eye by police with a pepper ball was peacefully protesting and not engaged in criminal activity and was of no threat to the officers or others

45. Under the circumstances that were present the officers and police agencies and department had no right to engage the use of force against the Plaintiff or the other protesters that were present at the time.

46. The demonstrations and protests were peaceful prior to and including the time that the Plaintiff was shot in the eye with a pepper ball.

47. There was no exigency present that could legitimize the use of force that was used against the Plaintiff causing him to suffer serious bodily injury.

48. No one was engaged in dangerous or threatening behavior at or near the location where the Plaintiff was shot by the pepper ball by police.

49. There is no justification that can legitimize the use of pepper ball projectiles against non-threatening individuals as occurred in this case against the Plaintiff.

50. In this case, the Defendants failed to engage in proper police procedure.

51. Upon information and belief, specific plans and training for civil unrest was not adequately communicated and the police agencies and departments and their respective personnel lacked systemic training and drills necessary for safely controlling civil disturbances and protests.

52. Upon information and belief, the officers did not possess firm operational direction and reverted to a reactive tactical mode because of a lack of direction and coordination resulting in use of excessive force, and poor discipline resulting in indiscriminate firing of pepper balls into the crowd without knowing their targets and without lawful purpose.

61. That solely by reason of the negligence of the Defendants and Defendant Officer John Doe and/or Jane Doe, as aforesaid, the Plaintiff became disabled and suffered and is still suffering great physical and mental pain and discomfort. Plaintiff suffered a right orbital fracture, retinal/vitreous/choroidal hemorrhage, and has completely lost vision in his right eye. Plaintiff was compelled to and did obtain medical aid, and was prevented from engaging in physical, social activities, and caused him disability from attending him employment, and all of his injuries, upon information and belief, are of a permanent nature, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

62. Plaintiff suffered and continues suffering great mental and bodily distress because of the said wrongful acts of Defendant Officer John Doe necessitating the employment of physicians; and incurred and paid other expenses by reason of said proceedings all to her damage for a monetary sum that exceeds the jurisdictional limitations of all lower courts.

63. Because of the action of the City of Rochester and/or County of Monroe by and through the Officer John Doe and/or Jane Doe, RPD and/or MCSO, Plaintiff suffered violations of his civil rights, mental anguish, emotional distress, pain and suffering and psychological and serious physical injuries, all of which, upon information and belief, are permanent in nature.

64. Upon information and belief there was surveillance video and audio footage taken at the Public Safety Building when Plaintiff was injured by Officer John Doe and/or Jane doe as well as body camera footage of the police officers and/or sheriff's deputies present at the scene where the Plaintiff was injured.

65. Plaintiff demands that this evidence not be altered or destroyed and demands copies of this surveillance footage be preserved for trial in this matter and that the video footage be produced to the Plaintiff's attorneys immediately.

73. At no time during the events described above or as the events occurred did the Defendant officer have probable cause to assault the Plaintiff, Noah Pointer-Gamory.

74. At no time, either at the time and place of the RPD and/or MCSO assault or at any time later and place did Plaintiff attempt to offer violence to any of the Defendants.

75. The aforementioned assault and battery of Plaintiff was done knowingly, intentionally and willfully.

76. The aforementioned assault and battery were done negligently and recklessly.

77. The aforementioned assault and battery were done without reason or provocation.

78. By reason of said assault and battery, Plaintiff was caused to suffer severe physical injuries, including pain and suffering, emotional and psychological distress.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Assault and Battery)

79. Plaintiff repeats and realleges every allegation set forth in all preceding paragraphs with the same force and effect as if more fully set forth at length herein.

80. By the actions described above, Defendant Officer John Doe and/or Jane Doe, did inflict assault and battery upon Plaintiff. The acts of conduct of this Defendant were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights guaranteed by the laws and Constitution of the State of New York. Provisions of the State Constitution are presumptively self-executing.

81. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific bodily injury, pain and suffering, psychological and emotional injury, costs and expenses and was otherwise damaged and injured.

88. Upon information and belief, Defendant Officer John Doe and/or Jane Doe did not engage in proper measures of force when he/she fired pepper spray in the Plaintiff's face and then fired a pepper ball at a short distance into the Plaintiff's right eye.

89. Plaintiff was completely lawful at the time of the incident and posed no threat or danger to Defendant Officer John Doe and/or Jane Doe or anyone around him at the time Defendant Officer John Doe and/or Jane Doe fired pepper ball in the Plaintiff's face and then fired a pepper ball at a short distance into the Plaintiff's right eye.

90. Defendant Officer John Doe and/or Jane Doe knew or should have known he/she placed Plaintiff in certain risk of injury by his wanton violent actions and in doing so failed to conduct himself as a reasonable person under the circumstance.

91. Defendant Officer John Doe and/or Jane Doe's conduct was wanton, reckless and grossly negligent and constituted excessive unreasonable force.

92. That solely by reason of the negligence of the Defendants and Defendant Officer John Doe and/or Jane Doe, as aforesaid, the Plaintiff became disabled and suffered and is still suffering great physical and mental pain and discomfort. Plaintiff was compelled to and did obtain medical aid, and was prevented from engaging in physical, social activities, and caused him disability from attending her employment, and all of her injuries, upon information and belief, are of a permanent nature, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

93. Plaintiff did not engage in any culpable conduct and the injuries suffered by Plaintiff as alleged herein were caused solely by the negligence of the Defendants without any contribution on the part of the Plaintiff.

sheriff department protocols for police officers and/or sheriff deputies designed to govern use of force causing serious injuries both physical and emotional resulting in serious and permanent physical injury and discrimination arising and resulting out of the aforementioned wrongful assault and battery of the Plaintiff and further, deprived Plaintiff's civil rights, privileges and immunities secured under the Constitution of the State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used under similar circumstances; in hiring and retaining persons who were unfit to serve as police officers; failing to properly investigate their background; failing to properly train and instruct police officers, especially regarding abuse of power while in the field; failing to give police officers proper instructions on the use of force, in particularly when engaging crowds protesting; improperly supervising police officers in the field, including the police officers as well as the staffing, administration and processing of persons suspected of violation of criminal laws of the State of New York which allowed the injuries suffered by Plaintiff, which resulted in the serious and permanent physical injuries Plaintiff sustained.

100. The Defendants did not follow proper police procedure.

101. The Defendants, City and/or County and RPD and/or MCSO, through their agents, servants, employees, including but not limited Defendant John Doe and/or Jane Doe, were negligent, reckless and careless in causing injury to Plaintiff.

102. Upon information and belief, the Defendants City and/or County and RPD and/or MCSO had prior knowledge of the inappropriate, unlawful, and improper conduct of the Defendant, Officer John Doe and/or Jane Doe, and continued to employ him/her to be in contact with the public at large.

111. As a result of the foregoing Plaintiff suffered damages that exceed the jurisdictional limits of all lower Courts.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Violation of Plaintiff's State Constitutional Rights, specifically Art. 1 section 5 for cruel and unusual punishment)

112. Plaintiff repeats and alleges every allegation set forth in all preceding paragraphs with the same force and effect as if fully set forth at length herein.

113. The New York State Constitution, Article I, § 5 states "...cruel and unusual punishment [shall not] be inflicted..."

114. The Defendants, City and/or County and the RPD and/or MCSO, including but not limited to Defendant Officer John Doe and/or Jane Doe under the color of law and within the scope of their authority, assaulted and battered Plaintiff in violation of his civil rights, specifically those guaranteed under the New York State Constitution.

115. The deprivation by the Defendants of Plaintiff's civil rights was a result of Defendant Officer John Doe and/or Jane Doe acting under color of law and within his/her authority as law a law enforcement officer within the employ of the defendant City and/or County and the RPD and/or MCSO.

116. Defendant Officer John Doe and/or Jane Doe acted to deprive Plaintiff of his constitutional rights, including the rights to be free from the intentional use of unreasonable force, and the right to be free from unreasonable and excessive force.

117. The Defendants, City and the RPD, including but not limited to Defendant John Doe, were not acting with immunity when they deprived the Plaintiff of his civil rights.

125. Defendant Officer John Doe and/or Jane Doe acted to deprive Plaintiff of his constitutional rights, including the rights to be free from the intentional use of unreasonable force, and the right to be free from unreasonable and excessive force.

126. The Defendants, City and the RPD, including but not limited to Defendant John Doe, were not acting with immunity when they deprived the Plaintiff of his civil rights.

127. At no time during the events described above or as the events occurred did the Defendant officer have probable cause to assault the Plaintiff, Noah Pointer-Gamory.

128. Defendants' conduct was under color of state law, deprived Plaintiff of the State Constitutional Rights set forth in the Causes of Action supra and infra and the conduct caused injuries and damages to Plaintiff.

129. As a result of the foregoing Plaintiff suffered damages that exceed the jurisdictional limits of all lower Courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Violation of the Plaintiff's State Constitutional Rights, specifically Art. 1 section 8 for violation of Plaintiff's freedom of speech)

130. Plaintiff repeats and alleges every allegation set forth in all preceding paragraphs with the same force and effect as if fully set forth at length herein.

131. The New York State Constitution, Article I, § 8 states "[e]very citizen may freely speak…on all subjects."

132. The Black Lives Matter protests were and are a matter of public concern, are protected by the State Constitution, Plaintiff suffered an adverse action by exercising his State Constitutional Right to free speech and there was a causal connection between the speech and the

**(Violation of the Plaintiff's State Constitutional Rights, specifically Art. 1 section 9 for violation of Plaintiff's right to peaceably assemble and petition the government)**

140. Plaintiff repeats and alleges every allegation set forth in all preceding paragraphs with the same force and effect as if fully set forth at length herein.

141. The New York State Constitution, Article I, § 9 states "[n]o law shall be passed abridging the rights of the people peaceably to assemble and to petition to the government, or any department thereof..."

142. Plaintiff had a clearly established right to assemble, protest, and demonstrate peacefully on public property and this was clearly established at the time.

143. The Defendants, City and/or County and the RPD and/or MCSO, including but not limited to Defendant Officer John Doe and/or Jane Doe under the color of law and within the scope of their authority, assaulted and battered Plaintiff in violation of his civil rights, specifically those guaranteed under the New York State Constitution.

144. The deprivation by the Defendants of Plaintiff's civil rights was a result of Defendant Officer John Doe and/or Jane Doe acting under color of law and within his/her authority as law a law enforcement officer within the employ of the defendant City and/or County and the RPD and/or MCSO.

145. Defendant Officer John Doe and/or Jane Doe acted to deprive Plaintiff of his constitutional rights, including the rights to be free from the intentional use of unreasonable force, and the right to be free from unreasonable and excessive force.

146. The Defendants, City and the RPD, including but not limited to Defendant John Doe, were not acting with immunity when they deprived the Plaintiff of his civil rights.

of their authority, assaulted and battered Plaintiff in violation of his civil rights, specifically those guaranteed under the New York State Constitution.

155. The deprivation by the Defendants of Plaintiff's civil rights was a result of Defendant Officer John Doe and/or Jane Doe acting under color of law and within his/her authority as law a law enforcement officer within the employ of the defendant City and/or County and the RPD and/or MCSO.

156. Defendant Officer John Doe and/or Jane Doe acted to deprive Plaintiff of his constitutional rights, including the rights to be free from the intentional use of unreasonable force, and the right to be free from unreasonable and excessive force.

157. The Defendants, City and the RPD, including but not limited to Defendant John Doe and/or Jane Doe, were not acting with immunity when they deprived the Plaintiff of his civil rights.

158. At no time during the events described above or as the events occurred did the Defendant officer have probable cause to assault the Plaintiff, Noah Pointer-Gamory.

159. Defendants' conduct was under color of state law, deprived Plaintiff of the State Constitutional Rights set forth in the Causes of Action supra and infra and the conduct caused injuries and damages to Plaintiff.

160. Defendants' conduct likely will deter Free Speech activity in the future and the Free Speech activity was a motivating factor in the Defendants' decision.

161. As a result of the foregoing Plaintiff suffered damages that exceed the jurisdictional limits of all lower Courts.

162. Plaintiff's State Constitutional Rights have been violated by Defendants' conduct under color of state law as set forth elsewhere.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**

171. Defendants' conduct was under color of state law, deprived Plaintiff of the State Constitutional Rights set forth in the Causes of Action supra and infra and the conduct caused injuries and damages to Plaintiff.

172. Defendants' conduct likely will deter Free Speech activity in the future and the Free Speech activity was a motivating factor in the Defendants' decision.

173. As a result of the foregoing Plaintiff suffered damages that exceed the jurisdictional limits of all lower Courts.

WHEREFORE, Plaintiff Noah Pointer-Gamory, respectfully seeks Judgment upon all causes of action against the Defendants as follows:

1. Compensatory damages in the form of general and special damages against all defendants, jointly and severely, in an amount that has yet to be ascertained and according to the proof to be determined at trial for an amount that exceeds the jurisdictional limits of all lower courts;

2. Punitive damages against individual Defendant Officer John Doe and/or Jane Doe in an amount to be determined at trial an amount that exceeds the jurisdictional limits of all lower courts;;

3. Declaratory judgment declaring that Plaintiff Noah Pointer-Gamory's constitutional rights to be free from excessive force and the other State Constitutional Deprivations were violated by the Defendants;

4. Declaratory judgment declaring that the defendant John Doe and Defendant City of Rochester and/or County of Monroe violated Plaintiff Noah Pointer-Gamory's Constitutional Rights by failing to intervene and to protect Plaintiff's constitutional rights;

5. Reasonable costs of this suit incurred herein;

NOAH POINTER-GAMORY,

       Claimants,

    -against-

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
JOHN AND JANE DOE OFFICERS,

       Defendants.

**NOTICE OF CLAIM**

TO:   CITY OF ROCHESTER, 30 CHURCH STREET, ROCHESTER, NEW YORK 14614

1. Name of Claimant: Noah Pointer-Gamory (DOB 07/09/98) (Hereinafter "Claimant").

2. Post office address of Claimant (Gen. Mun. 50-e[1]): 138 Terrace Park, Rochester, New York 14619.

3. Claimant's Attorneys: Frank Ciardi, Esq., David Stern, Esq., and Michael Jos. Witmer, Esq.

4. Claimants' Attorneys' address (50-e[1]): The Wilder Building, 1 East Main Street, Suite 711, Rochester, New York 14614.

5. Attorney's Phone Number: (585) 325-2352.

6. Attorney's e-mail address: fciardi@frankciardilaw.com

7. Nature of Claim (50-e(2)): On or about the night of September 3rd, 2020, into September 4th, 2020, Claimant was participating in the protests at the Rochester Police Department Public Safety Building at or near 185 Exchange Boulevard in the City of Rochester, County of Monroe, State of New York.

8. The City of Rochester Police Department Officers began firing pepper balls into the protesting crowd.

## PUNITIVE DAMAGES

25. The conduct of the City of Rochester, their Police Officers, employees and agents was wanton, reckless and malicious as described above.

26. To protect society against similar acts, the defendants in this action should be punished with punitive damages being awarded to Claimant.

27. As a result Claimant suffered damages and injury as follows:
    a) Mental anguish and psychological/emotional distress and trauma;
    b) Future health problems, including psychological and psychiatric treatment among other medical treatment;
    c) Loss of vision in his right eye;
    d) Reasonable and necessary expenses incurred;
    e) Necessity for punitive damages where the City of Rochester and their employees and agents acted wantonly, recklessly and willfully injuring Claimant.

28. Claimant's attorney can be requested to supply a supplemental claim setting forth the total damages to which the claimant deems himself entitled at the above address for the attorney. Gen. Mun. Law 50-e (2)(4). Please specify that it is a "supplemental claim demand," to avoid confusion.

29. This claim is brought within 90 days of the above-mentioned incident.

NOAH POINTER-GAMORY

Sworn to before me this
12TH day of November, 2020

NOTARY PUBLIC